09-1385-cv
Christman v. Utica Nat'l Ins. Group

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of April, two thousand ten.

PRESENT: DENNIS JACOBS,
                              **Chief Judge**,
            JOSEPH M. McLAUGHLIN,
            ROBERT D. SACK,
                              **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - - -X

Grazyna H. Christman,
        **Plaintiff-Appellant**,

        -v.-                                          09-1385-cv

Utica National Insurance Group,
        **Defendant-Appellee**.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          Grazyna H. Christman, pro se, Utica, NY.

FOR APPELLEE:           Joseph A. DeTraglia, Getnick Livingston Atkinson & Priore, LLP, Utica, NY.

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, J.).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Grazyna H. Christman appeals from a judgment entered April 6, 2009 in the United States District Court for the Northern District of New York (Suddaby, J.). Christman claims that she was terminated from her employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. In the orders relevant to this appeal, the district court granted summary judgment to the defendants on all claims; and denied Christman's motions for discovery under Federal Rule of Civil Procedure 56(f), and for sanctions under Federal Rule of Civil Procedure 11(b). We otherwise assume the parties' familiarity with the underlying facts, the case's procedural history, and the issues on appeal.

We review the district court's summary judgment order de novo. E.g. Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003). Summary judgment is appropriate where, drawing "all factual inferences . . . in favor of the non-moving party[,] . . . there are no genuine issues of material fact and . . . the moving party is entitled to judgment as a matter of law." Id. (citation omitted). On review, we find no error, and affirm for substantially the reasons stated by the district court in its March 27, 2009 summary judgment order.

Respecting the district court's Rule 56(f) ruling, we review for abuse of discretion, Gualandi v. Adams, 385 F.3d 236, 244-45 (2d Cir. 2004); and find none. Christman failed to support her motion with "an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." Id. at 244.

Respecting the district court's Rule 11(b) ruling, we likewise review for abuse of discretion, Gurary v. Winehouse, 235 F.3d 792, 798 (2d Cir. 2000); and find none.

Christman has not shown (as she asserts) that the defendant's filings mischaracterized the evidence in the record or were submitted for any "improper purpose," Fed. R. Civ. P. 11(b)(1).

We have considered Christman's remaining arguments and find them to be without merit. The district court's judgment is accordingly **AFFIRMED.**

                                          FOR THE COURT:
                                          CATHERINE O'HAGAN WOLFE, CLERK